1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WILLIAM B. ANDERSON,                           No.  2:23-cv-2375 DB P

12                   Plaintiff,

13         v.                                         ORDER

14    S. ROSENLOF, et al.,

15                   Defendants.

16

17         Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action under 42

18    U.S.C. §1983.  Before the court are plaintiff's complaint for screening and plaintiff's motion to

19    proceed in forma pauperis.  For the reasons set forth below, this court grants plaintiff's motion to

20    proceed in forma pauperis and dismisses the complaint with leave to amend.

21                                    **IN FORMA PAUPERIS**

22         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

23    §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

24         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

25    §§1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

26    accordance with the provisions of 28 U.S.C. §1915(b)(1).  By separate order, the court will direct

27    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

28    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

of twenty percent of the preceding month's income credited to plaintiff's prison trust account.
These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §
1915(b)(2).

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a
governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §
1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims
that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of
the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim
showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what
the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.
544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must
contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,
550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
////

2

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II.     Analysis**

**A.   Plaintiff's Allegations**

Plaintiff is incarcerated at Mule Creek State Prison ("MCSP").  He complains of conduct that occurred there in August 2023.  Plaintiff identifies three defendants:  (1) Dr. S. Rosenlof, Senior Psychologist Supervisor; (2) psychologist Dr. Jorge Mendez;[1] and (3) psychiatrist Dr. Milan Pham.

Plaintiff alleges the following.  He has been diagnosed with paranoid schizophrenia.  In July 2023, he was a participant in the prison's Mental Health Delivery System ("MHDS") at the Enhanced Outpatient Program ("EOP") level of care.  On July 26, plaintiff was released from administrative segregation.  At that time, he was experiencing symptoms of his mental illness – anxiety, paranoia, auditory hallucinations.

////

---

[1] Plaintiff filed a motion to amend his complaint.  (ECF No. 5.)  He states that he misidentified this defendant at "Melendez" in the caption to his complaint.  Plaintiff's motion will be granted and the Clerk will be directed to change the docket to reflect defendant's Mendez's correct name.

3

On August 4, 2023, plaintiff had a scheduled appointment with his "assigned primary physician" defendant Dr. Mendez.  When plaintiff entered the room, Dr. Mendez stated:  "If you start verbalizing your complaints towards officers and become agitated, I will press my al[a]rm so they can deal with you!"  Plaintiff contends this threat increased his paranoia and made him feel unsafe.  Plaintiff left the room, telling Mendez that he intended to file a grievance regarding Mendez's threat.  Plaintiff then filed a grievance explaining the threat and asking to meet with defendant Dr. Rosenlof to be assigned a new clinician.  Shortly thereafter, on August 9, 2023, plaintiff was told he had been assigned a new clinician.

On August 10, defendant Mendez "falsified/fabricated mental health documents in haste to prepare a false report for an emergency IDIT [Interdisciplinary Treatment Team] level of care review."  Mendez did so to have plaintiff discharged from the EOP program "abruptly, and without justification."  Plaintiff states that he should have remained in the EOP program due to his Axis 1 Serious Mental Disorder and because he was exhibiting symptoms of paranoid schizophrenia.

On August 10 all three defendants decided to discharge plaintiff from the EOP program based on Mendez's false statements.  Plaintiff also appears to allege this occurred after he had filed a grievance against all three defendants, though he does not describe any grievance he filed or threatened to file against Rosenlof or Pham.  As a result of defendants' removal of plaintiff from the EOP program, plaintiff suffered "pain," "mental anguish," and exacerbation of his symptoms of paranoid schizophrenia because he was unable to get adequate psychiatric care.  Plaintiff describes the new psychiatric care as "an easier but less efficacious course of treatment."

Plaintiff identifies his constitutional claims as retaliation for exercise of his First Amendment rights, deliberate indifference to his serious medical needs in violation of the Eight Amendment, and conspiracy.

**B. Does Plaintiff State Claims for Relief?**

**1. Retaliation**

To state a claim that defendants retaliated against him for exercising his First Amendment rights, plaintiff must allege facts showing:  (1) a state actor took an adverse action against him (2)

because of (3) his exercise of protected conduct, and that such action (4) chilled his exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Plaintiff's right to file a grievance is protected by the First Amendment. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

Plaintiff has the burden of showing that retaliation for the exercise of a protected right was the but-for factor behind the defendant's conduct. Hartman v. Moore, 547 U.S. 250, 258-60 (2006). However, direct evidence of retaliatory intent "rarely can be pleaded in a complaint." Watison, 668 F.3d at 1114. "[A]llegation of a chronology of events from which retaliation can be inferred is sufficient" to plead a claim for retaliation. Id.; see also Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

Plaintiff makes a minimal showing with respect to most of the factors for a retaliation claim against defendant Mendez. However, plaintiff's simple assertion that Mendez falsified the report is not sufficient. Plaintiff must explain what Mendez said in the report that plaintiff claims was false. In other words, plaintiff must show that Mendez's actions were "adverse" to him.

To the extent plaintiff is attempting to allege retaliation claims against the other defendants, he fails to allege facts that would state such claims. If plaintiff is contending defendants Rosenlof and Pham retaliated against him when they decided to remove him from the EOP program, he must allege facts showing that they did so because plaintiff was exercising, or was threatening to exercise, his First Amendment rights. Plaintiff's retaliation claim(s) will be dismissed with leave to amend.

## 2. Eighth Amendment Medical Claim

Plaintiff alleges all three defendants made the decision to have him removed from the EOP program. He contends his serious mental illness requires his participation in that program and that, as a result of being removed from it, plaintiff received inadequate psychiatric care that exacerbated his mental health illness.

////

1

### a. Legal Standards

2      The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S.

3   Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual

4   punishment prohibited by the Eighth Amendment.  <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986);

5   <u>Ingraham v. Wright</u>, 430 U.S. 651, 670 (1977); <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06 (1976).

6   Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy

7   and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited

8   by the Cruel and Unusual Punishments Clause."  <u>Whitley</u>, 475 U.S. at 319.

9      What is needed to show unnecessary and wanton infliction of pain "varies according to

10   the nature of the alleged constitutional violation."  <u>Hudson v. McMillian</u>, 503 U.S. 1, 5 (1992)

11   (citing <u>Whitley</u>, 475 U.S. at 320).  In order to prevail on a claim of cruel and unusual punishment,

12   however, a prisoner must allege and prove that objectively he suffered a sufficiently serious

13   deprivation and that subjectively prison officials acted with deliberate indifference in allowing or

14   causing the deprivation to occur.  <u>Wilson</u>, 501 U.S. at 298-99.

15      For an Eighth Amendment claim arising in the context of medical care, the prisoner must

16   allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious

17   medical needs."  <u>Estelle</u>, 429 U.S. at 106.  An Eighth Amendment medical claim has two

18   elements: "the seriousness of the prisoner's medical need and the nature of the defendant's

19   response to that need."  <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled on</u>

20   <u>other grounds by</u> <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (en banc).

21      A medical need is serious "if the failure to treat the prisoner's condition could result in

22   further significant injury or the 'unnecessary and wanton infliction of pain.'"  <u>McGuckin</u>, 974

23   F.2d at 1059 (quoting <u>Estelle</u>, 429 U.S. at 104).  Indications of a serious medical need include

24   "the presence of a medical condition that significantly affects an individual's daily activities."  <u>Id.</u>

25   at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the

26   objective requirement for proving an Eighth Amendment violation.  <u>Farmer v. Brennan</u>, 511 U.S.

27   825, 834 (1994).

28   ////

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference.  See Farmer, 511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835.

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

### b. Does Plaintiff State an Eighth Amendment Claim?

Plaintiff's allegation that he has a major mental disorder is sufficient to plead that he has a serious medical need for purposes of the Eighth Amendment.  However, plaintiff's allegations are not sufficient to meet the requirement that he show the defendants acted with deliberate indifference.  Plaintiff contends he should have stayed in the EOP program and that defendants determined he should not.  Those contentions simply show a difference of opinion regarding plaintiff's treatment.

////

If plaintiff is attempting to demonstrate that defendants relied on Mendez's allegedly false statements, he does not explain what those statements were or why they are false.  Further, plaintiff fails to show that defendants' knew of, and relied on, those statements when they made the decision to remove him from the EOP program.  Plaintiff's Eighth Amendment claim will be dismissed with leave to amend.

### 3. Conspiracy

Plaintiff is advised that there is no separate claim under § 1983 for conspiracy. Allegations of a conspiracy do not, in themselves, state "a constitutional tort under § 1983."  A conspiracy "does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation."  Lacey v. Maricopa Cnty., 693 F.3d 896, 935 (9th Cir. 2012) (en banc) (citations omitted).

### CONCLUSION

Above, this court finds plaintiff fails to state any cognizable claims for relief.  Plaintiff will be given an opportunity to amend the complaint.

In an amended complaint, plaintiff must address the problems with his complaint that are explained above.  Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights.  The court is not required to review exhibits or other filings to determine what plaintiff's charging allegations are as to each named defendant.  Plaintiff must include ALL claims he wishes to pursue in one amended complaint.

Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

////

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

Plaintiff may not bring claims against different defendants that are not related to each other. Fed. R. Civ. P. 20(a)(2). "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). Simply alleging a "conspiracy" does not transform unrelated claims into related claims.

The federal rules require a simple description of a party's claims. Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 3) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

////

4.  Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

5.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

6.  Plaintiff's motion to amend the complaint (ECF No. 5) is granted. The Clerk of the Court is directed to amend the docket to replace the name "J. Melendez" with "J. Mendez."

Dated:  April 5, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/
DB prisoner inbox/civil rights/S/andr2375.scrn LTA

10