1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM B. ANDERSON,                    No.  2:23-cv-2375 DB P

12                Plaintiff,

13        v.                                 ORDER

14   S. ROSENLOF, et al.,

15                Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C.

18   §1983.  He alleges defendants retaliated against him for exercising his First Amendment rights

19   and were deliberately indifferent to his serious medical needs in violation of the Eighth

20   Amendment.  Before the court is plaintiff's first amended complaint for screening.  For the

21   reasons set forth below, the court finds plaintiff has stated potentially cognizable claims against

22   defendant Mendez but fails to state any other claims.  Plaintiff will be given the choice of

23   proceeding immediately on his claims against Mendez or filing a second amended complaint.

24                               **SCREENING**

25        As described in this court's prior screening order, the court is required to screen complaints

26   brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983.

27   28 U.S.C. § 1915A(a).  The prisoner must plead an arguable legal and factual basis for each claim

28   in order to survive dismissal.  Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  In

                                        1

1    addition, the prisoner must demonstrate a link between the actions of each defendant and the

2    deprivation of his rights.  <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978).  "A person

3    'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he

4    does an affirmative act, participates in another's affirmative acts or omits to perform an act which

5    he is legally required to do that causes the deprivation of which complaint is made."  <u>Johnson v.</u>

6    <u>Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

7    **I.      First Amended Complaint**

8    In his first amended complaint, plaintiff again identifies the following defendants:  (1) Dr. S.

9    Rosenlof, Senior Psychologist Supervisor; (2) psychologist Dr. Jorge Mendez; and (3)

10    psychiatrist Dr. Milan Pham.  (ECF No. 10.)

11    Plaintiff alleges the following. He has been diagnosed with paranoid schizophrenia.  In

12    July 2023, he was a participant in the prison's Mental Health Delivery System at the

13    Enhanced Outpatient Program ("EOP") level of care.  He was housed in a specialized psychiatric

14    housing unit.  On July 26, plaintiff was released from administrative segregation.  At that time, he

15    was experiencing symptoms of his mental illness - anxiety, paranoia, auditory hallucinations.

16    (ECF No. 10 at 5.)

17    On August 4, plaintiff had an appointment with defendant Mendez.  When plaintiff entered

18    the office, Mendez told him that if he started "verbalizing your complaints towards officers and

19    become agitated, I will press my al[a]rm, so they can come deal with you!"  Plaintiff felt this

20    statement was threatening and left the office.  As he did so, he told Mendez that he would be

21    filing a grievance regarding the threat.  Plaintiff subsequently filed a grievance against Mendez.

22    (ECF No. 10 at 5-6.)

23    After the appointment, Mendez prepared a false report regarding plaintiff and requested an

24    emergency meeting of the Interdisciplinary Treatment Team ("IDTT") for the purpose of having

25    plaintiff discharged from the EOP program.  Plaintiff alleges the false statements included (1)

26    plaintiff did not "present with functional impairments;" (2) plaintiff had "poor boundaries when

27    engaged in RT groups;" and (3) plaintiff was not "currently on psychotropic medications."

28    ////

1  Shortly thereafter, the three defendants met and discharged plaintiff from the EOP program.

2  (ECF No. 10 at 6-9.)

3     Plaintiff alleges defendants Rosenlof and Pham relied on the false report and were

4  deliberately indifferent to plaintiff's serious mental health needs.  In addition, plaintiff contends

5  Rosenlof and Pham made the decision to discharge plaintiff from the EOP program to punish

6  plaintiff for filing the grievance and to dissuade him from filing further grievances.

7     Plaintiff contends he has suffered anxiety, paranoia, insomnia, depression, auditory

8  hallucinations, hopelessness, and desolation due to being discharged from the EOP program.

9     **II.**      **Does Plaintiff State Cognizable Claims for Retaliation?**

10     "Within the prison context, a viable claim of First Amendment retaliation entails five basic

11  elements:  (1) An assertion that a state actor took some adverse action against an inmate (2)

12  because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

13  exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

14  correctional goal."  <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and

15  citations omitted).

16     Plaintiff has alleged a potentially cognizable retaliation claim against defendant Mendez.

17  However, plaintiff fails to allege retaliation claims against Rosenlof and Pham.  Plaintiff simply

18  states that Rosenlof and Pham decided to discharge him from the EOP program in retaliation for

19  plaintiff's grievance against Mendez.  However, plaintiff alleges no facts showing that Rosenlof

20  and Pham were aware of plaintiff's grievance.  Plaintiff's conclusory statements are insufficient

21  to state a potentially cognizable retaliation claim against Rosenlof and Pham.

22     **III.**     **Does Plaintiff State Cognizable Claims for Deliberate Indifference?**

23     To allege an Eight Amendment medical claim, plaintiff must show that he has a serious

24  medical need and that each defendant responded to that need with deliberate indifference.  <u>Farmer</u>

25  <u>v. Brennan</u>, 511 U.S. 825, 834 (1994).  This court finds plaintiff has adequately alleged a serious

26  medical need.  Plaintiff alleges Mendez knew the statements he made in the report were false and

27  it may be inferred that Mendez made them with deliberate indifference to plaintiff's serious

28  ////

medical needs.  Plaintiff has stated a minimally sufficient Eighth Amendment claim against Mendez.

Again, however, plaintiff fails to allege sufficient facts to state a claim that Rosenlof and Pham violated his Eighth Amendment rights.  He alleges no facts to support his contention that Rosenlof and Pham knew Mendez's statements in the report were false.  Nor does plaintiff allege facts showing that the false statements were the basis for those defendants' decision to remove him from the EOP program.

## PROCEEDING OR AMENDING THE COMPLAINT

As set forth above, in the first amended complaint plaintiff alleges potentially cognizable claims against defendant Mendez for retaliation and deliberate indifference to his medical needs. Plaintiff fails to allege potentially cognizable claims against the remaining defendants.  Plaintiff has a choice.  He may proceed immediately on the claims found potentially cognizable herein or he may file a second amended complaint.  Plaintiff is advised that if he chooses to proceed on the claims against Mendez, he will be voluntarily dismissing his other claims and defendants.

If plaintiff chooses to file a second amended complaint, he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

1    In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R.

2  Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R.

3  Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

4  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

5    The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

6  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

7  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

8  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

9  set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

10  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

11  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

12    An amended complaint must be complete in itself without reference to any prior pleading.

13  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.

14  Any amended complaint should contain all of the allegations related to his claim in this action.  If

15  plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended

16  complaint.

17    By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

18  evidentiary support for his allegations, and for violation of this rule the court may impose

19  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

20                                          **CONCLUSION**

21    For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as

22  follows:

23    1.  Plaintiff has stated potentially cognizable claims for retaliation and deliberate

24  indifference to his medical needs against defendant Mendez.

25    2.  Plaintiff's other claims and defendants are dismissed with leave to amend.

26    3.  Plaintiff may choose to proceed immediately on his potentially cognizable claims

27  against defendant Mendez as set out above or he may choose to amend his first amended

28  ////

1   complaint.  If plaintiff chooses to proceed on his potentially cognizable claims, he shall

2   voluntarily dismiss his other claims and defendants.

3        4.  Within thirty days of the date of this order, plaintiff shall fill out and return the

4   attached form indicating how he would like to proceed in this action.

5        5.  Plaintiff is warned that his failure to comply with this order will result in a

6   recommendation that this action be dismissed.

7   Dated:  June 4, 2024

8

9

10                            DEBORAH BARNES

                           UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22   DLB:9
    DB prisoner inbox/civil rights/S/ande2375.FAC  lta or proceed

23

24

25

26

27

28

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11
WILLIAM B. ANDERSON,                              No.  2:23-cv-2375 DB P

12
                            Plaintiff,

13
          v.                                      PLAINTIFF'S NOTICE ON HOW TO
                                                  PROCEED
14
S. ROSENLOF, et al.,

15
                            Defendants.

16

17
Check one:

18
_____    Plaintiff wants to proceed immediately on his claims for retaliation and deliberate

19
         indifference to his medical needs against defendant Mendez in the first amended

20
         complaint.  Plaintiff understands that by going forward without amending the first

21
         amended complaint he is voluntarily dismissing all other claims and defendants.

22
_____    Plaintiff wants to amend the first amended complaint.

23

24
DATED:_____

25

26

27

28
                                                  Plaintiff William B. Anderson, Pro Se

                                                  1